**WEBER MARINE, INC., Plaintiff,**

v.

**ONE LARGE CAST STEEL STOCKLESS ANCHOR AND FOUR SHOTS OF ANCHOR CHAIN, Defendant.**

**Civ. A. No. 79–211.**

United States District Court, E. D. Louisiana.

July 10, 1979.

John T. Nesser, III, Henry A. King, New Orleans, La., for plaintiff.

---

MOTION FOR DEFAULT JUDGMENT, OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

CASSIBRY, District Judge:

The plaintiff has moved for a default judgment declaring it to be the owner of a certain anchor and chain, or, in the alternative, for summary judgment recognizing its right to a salvage award. For the reasons stated hereinafter I have concluded that the motion for default judgment must be denied, but the alternative motion for summary judgment is granted.

REASONS

The plaintiff Weber Marine, Inc., brought this in rem action after discovering and raising from the Mississippi River one large cast steel stockless anchor ten and one-half feet by the yoke, seven and one-half feet at the fluke, with four shots of anchor chain, weighing approximately 30,000 pounds. The property was found at Mile 166 AHP in the Mississippi River in 90 feet of water, was raised on December 18, 1978 and transported to the plaintiff's facilities at Burnside, Louisiana.

The plaintiff first attempted to locate the owner of the anchor by making the discovery known to the United States Corps of Engineers, the United States Coast Guard offices in New Orleans, Louisiana, and St. Louis, Missouri, the New Orleans Steamship Association, the New Orleans/Baton Rouge Pilots' Association, and the Crescent River Port Pilots' Association. These efforts were unsuccessful.

In this proceeding the plaintiff prayed first that any person claiming any right, title, or interest in the anchor and chain be called to answer, and that it be appointed custodian during the litigation. The plaintiff was appointed custodian and no claim or answer having been filed within the ten-day period subsequent to the property's seizure, notice of the discovery, seizure and claim of the plaintiff to the property was advertised and published in the States-Item, a New Orleans, Louisiana newspaper on February 6 and 7, 1979. No claimant appeared as a result of the advertisement and the Clerk entered a default on March 5, 1979.

The plaintiff prayed second that it be declared the owner of the property, and third, in the alternative that it be given a salvage award. The plaintiff contends that, under the circumstances of its discovery of this derelict property and its good faith and extensive efforts to locate the owner, the property was abandoned and it is the owner. It relies on general principles of maritime law which recognize that an abandonment is a repudiation of ownership, and a party taking possession under salvage oper-

ations may be considered a finder under the doctrine of "animus revertendi", i. e., the owner has no intention of returning. *Wiggins v. 1100 Tons, More or Less, of Italian Marble*, 186 F.Supp. 452, 456 (E.D.Va.1960); *Treasure Salvors, Inc. v. Abandoned Sailing Vessel*, 569 F.2d 330 (5th Cir. 1978).

The difficulty of plaintiff's position is that the mere facts of discovery and inability to locate the owner are not sufficient to constitute abandonment. These facts entitle the plaintiff only to a salvage award, a lien on the property in the amount of that award, and a marshal's sale to procure compensation at which sale the plaintiff may be a bidder and acquire title if it is the successful bidder. Norris, The Law of Salvage, § 150, p. 247 (1958) and authorities therein cited. Summary judgment is appropriate on this issue.

The plaintiff may submit affidavits to prove the amount of its expense for raising, storing and protecting the property and thereafter proceed with the marshal's sale. In the event the sale is for more than these expenses, and the legal expenses and fees, the balance will be deposited in the registry of the Court for a year and a day. If no owner appears within that period, the amount deposited in the registry of the Court will be paid to the plaintiff. *Medina v. One Nylon Purse Seine*, 259 F.Supp. 769 (S.D.Cal.1966) and authorities therein cited.